IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 05 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RICHARD DADE,                                               :
                                                            :
                              Petitioner,                   :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
              - against -                                   :
                                                            :    12 Civ. 2092 (BMC)
ERIC T. SCHNEIDERMAN, Attorney                              :
General of New York; DARWIN LACLAIR,                        :
Warden-Superintendent of Franklin                           :
Correctional Facility,                                      :
                                                            :
                              Respondents.                  :
----------------------------------------------------------- X

**COGAN**, District Judge.

On April 23, 2012, *pro se* petitioner Richard Dade, incarcerated at Franklin Correctional Facility, commenced this action under 28 U.S.C. § 2254 challenging his May 27, 1997, Kings County conviction. On June 1, 2012, petitioner paid the filing fee required to commence this action. By Order to Show Cause dated June 7, 2012, this Court informed petitioner that his petition appeared time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was directed to submit an affirmation explaining why the petition should not be dismissed as time-barred under AEDPA. This Court received his affirmation on July 5, 2012.

Petitioner does not dispute that his one-year statute of limitations must be counted from the date his conviction became final – June 26, 1997 – unless he qualifies for 28 U.S.C. § 2244(d)(1)(C), which provides that the limitations period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's habeas claim is premised on the Supreme Court's decision in Padilla v. Kentucky, --- U.S. ----, 130 S. Ct. 1473 (2010), and petitioner argues that this case set forth a new constitutional right that applies retroactively on collateral review. Petitioner correctly notes that the circuit courts that have considered Padilla's retroactivity are split

on this issue. Compare United States v. Amer, 681 F.3d 211 (5th Cir. 2012) (holding that Padilla does not apply retroactively on collateral review); Figuereo-Sanchez v. United States, 678 F.3d 1203 (11th Cir. 2012) (same); United States v. Chang Hong, 671 F.3d 1147 (10th Cir. 2011) (same); Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011) (same); with United States v. Orocio, 645 F.3d 630 (3d Cir. 2011) (holding that Padilla applies retroactively on collateral review).

The Second Circuit has yet to weigh in on Padilla's retroactivity. As it has in the past, this Court finds that to the extent Padilla sets forth a newly recognized constitutional rule of criminal procedure, the better reasoned view is that it should not be deemed retroactive to cases on collateral review. See Francisco v. Yelich, No. 12-CV-2243, 2012 WL 2367129 (E.D.N.Y. June 21, 2012) (holding that Padilla does not apply retroactively); Rosales v. Artus, No. 10-CV-2742, 2011 WL 3845906 (E.D.N.Y. Aug. 30, 2011) (same); Hamad v. United States, No. 10-CV-5829, 2011 WL 1626530 (E.D.N.Y. Apr. 28, 2011) (same); Ellis v. H.S., 806 F. Supp. 2d 538 (E.D.N.Y. June 3, 2011) (same). Petitioner therefore may not avail himself of § 2244(d)(1)(C), and his one-year statute of limitations must be deemed to have expired on June 26, 1997, i.e., one year from the date his conviction became final. His petition is therefore untimely and must be dismissed.

Petitioner has given no reasons why statutory tolling should apply in this case, and the Court sees none. Although petitioner implies that equitable tolling should apply here, stating that he "has been pursuing [his] rights diligently," he does not name any "extraordinary circumstance" which prevented timely filing of this habeas petition; equitable tolling is therefore unavailable. See Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011).

## CONCLUSION

The instant petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

Further, since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

                                             S/Judge Brian M. Cogan
                                                         U.S.D.J.

Dated: Brooklyn, New York
       July 5, 2012